IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

GOLDEN BRIDGE TECHNOLOGY, )
INC., )
　 )
　　　　　Plaintiff, )
　 )
　　v. ) Civ. No. 10-428-SLR
　 )
APPLE INC., et al., )
　 )
　　　　　Defendants. )

## MEMORANDUM ORDER

At Wilmington this 9th day of April 2013, having considered defendant Apple

Inc.'s ("Apple's") and Golden Bridge Technology, Inc.'s ("GBT's") various motions to

exclude or strike expert testimony (D.I. 236, 259, 261, 267);

IT IS ORDERED that said motions are granted in part and denied in part, as

follows:

1. **Background.** GBT filed the instant action against Apple and other

defendants alleging infringement of U.S. Patent Nos. 6,574,267 C1 ("the '267 patent"),

as reexamined, and 7,359,427 ("the '427 patent") (collectively, "the patents-in-suit").

(D.I. 1)[1]  GBT has asserted the same patents-in-suit against other defendants in a

separate case before this court, captioned *Golden Bridge Technology, Inc. v.*

*Amazon.com Inc.* (Civ. No. 11-165, D.I. 1)  Following a status conference held by the

court, the parties jointly stipulated to consolidate claim construction proceedings and to

---

[1]Unless otherwise noted, D.I. numbers refer to docket items in the instant case,
Civ. No. 10-428.

stay all claims other than those asserted against Apple. (D.I. 178; Civ. No. 11-165, D.I. 244) Before the court are four motions to exclude or strike testimony: Apple's motion to strike GBT's untimely expert opinions and materials (D.I. 236); Apple's *Daubert* motion to exclude certain opinions of Dr. Branimir Vojcic, Melvin Garner, and Dr. Charles Boncelet (D.I. 261); GBT's *Daubert* motion to exclude and strike portions of Dr. Anthony Acampora's opinions and testimony ("GBT's first *Daubert* motion") (D.I. 259); and GBT's *Daubert* motion to exclude and strike portions of Dr. Apostolos K. Kakaes' testimony ("GBT's second *Daubert* motion"). (D.I. 267)

2. **Legal standard.** The Supreme Court in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 600 (1993), made clear that courts have to play a gatekeeping role with respect to experts. According to the Supreme Court, Rule 702 of the Federal Rules of Evidence[2] is the primary locus of the gatekeeping role. Pursuant to Rule 702, a party can offer testimony of an expert witness at trial so long as the expert is qualified, the methodology the expert uses is reliable, and the opinion fits the facts of the case. *See Elcock v. Kmart Corp.*, 233 F.3d 734, 741 (3d Cir. 2000). A trial judge, then, is tasked with being a " 'gatekeeper' to ensure that 'any and all expert testimony is not only

[2]Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. § 702.

relevant, but also reliable.'" *Pineda v. Ford Motor Co.*, 520 F.3d 237, 243 (3d Cir. 2008).

3. Pursuant to Fed. R. Civ. P. 26(a)(2)(D), parties must disclose expert testimony "at the times and in the sequence that the court orders." On the other hand, if a party "learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing," it must supplement or correct its disclosure. Fed. R. Civ. P. 26(e). When expert testimony is not timely disclosed, the court has the authority to exclude it from evidence. *See United States v. 68.94 Acres of Land*, 918 F.2d 389, 396 (3d Cir. 1990). However, "the exclusion of otherwise admissible testimony because of a party's failure to meet a timing requirement is a harsh measure . . . ." *Praxair, Inc. v. ATMI, Inc.*, 231 F.R.D. 457, 463 (D. Del. 2005) (internal quotation marks omitted); *see also Dow Chem. Co. v. Nova Chems. Corp.*, 2010 WL 2044931, at *1-2 (D. Del. May 20, 2010) (calling the exclusion of critical evidence an "extreme sanction").

4. **GBT's first *Daubert* motion.** GBT seeks to exclude or strike Dr. Acampora's opinions regarding (1) the inventors' lack of diligence in preparing and filing the application for the original '267 patent, and (2) failure to meet the written description requirement of 35 U.S.C. § 112. (D.I. 260) Dr. Acampora is a named inventor on forty patents in the wireless field and has reviewed GBT's patent application and inventor testimony. (D.I. 295 at 2; D.I. 221, ex. 28 at ¶¶ 333-82) He is neither a patent attorney nor an expert in patent law and, thus, is unqualified to opine on diligence in preparing and filing a patent application. However, the court finds that Dr. Acampora is qualified

3

to opine on whether claims 14, 18, and 26 of the '427 patent are invalid for failure to meet the written description requirement. The test for the requirement is "whether the disclosure of the application relied upon reasonably conveys to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date." *Ariad Pharm., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) (en banc). Therefore, the court grants GBT's first *Daubert* motion with respect to Dr. Acampora's opinions on the inventors' lack of diligence but denies the motion with respect to his opinions on written description. (D.I. 259)

5. **Apple's *Daubert* motion.** Apple's *Daubert* motion (D.I. 261) seeks to exclude or strike: (1) Dr. Vojcic's rebuttal opinion regarding validity; (2) Garner's rebuttal opinion regarding "attorney diligence"; (3) Dr. Vojcic's opinion (and untimely supplement) regarding infringement; and (4) Dr. Boncelet's opinion (and untimely supplement) regarding infringement. (D.I. 262) The court will address each in turn.

6. First, Apple seeks to exclude Garner's rebuttal opinion regarding attorney diligence. Garner is a patent attorney and opined that GBT's patent attorney, Dr. David Newman, was diligent in filing the application for the patents-in-suit as early as January 1999. The court does not find such testimony, based not on records but on speculation, to be helpful for a jury trial. The court grants Apple's *Daubert* motion (D.I. 261) to the extent it seeks to exclude Garner's expert opinion regarding attorney diligence.

7. Second, Apple seeks to exclude certain testimony of GBT's experts regarding invalidity. (D.I. 261) The court denies Apple's motion to the extent it seeks to exclude portions of Dr. Vojcic's rebuttal expert report. Apple avers that Dr. Vojcic failed to

4

consider whether the inventors disclosed information that would allow a person of ordinary skill in the art to practice the invention without undue experimentation. However, Dr. Vojcic stated in his report: "I understand that conception requires the inventor to have a definite and permanent idea in his or her mind such that one of ordinary skill would be able to reduce the invention to practice without undue experimentation." (D.I. 293 at OA5, ¶ 9)  Furthermore, Apple avers that Dr. Vojcic's opinions regarding "engineering diligence" and "attorney diligence" apply an incorrect standard for diligence because those activities were not directed to reducing the invention to practice.  (D.I. 261)  The Federal Circuit has held that, "[u]nlike the legal rigor of conception and reduction to practice, diligence and its corroboration may be shown by a variety of activities . . . ." *Brown v. Barbacid*, 436 F.3d 1376, 1380 (Fed. Cir. 2006).  The legal standard does not necessarily preclude "engineering diligence" or "attorney diligence."  The court denies Apple's *Daubert* motion with respect to Dr. Vojcic's invalidity opinions.

8.  Third, Apple moves to strike Dr. Vojcic's and Dr. Boncelet's opinions on infringement on the basis that they based their opinions on incomplete tests or erroneous claim interpretation.  The experts offered their opinions before the court issued its claim construction.  To the extent Apple disputes Dr. Vojcic's and Dr. Boncelet's opinions regarding the test results under the court's construction, such disagreement is more properly reserved for cross-examination under the court's claim construction.  The court denies Apple's *Daubert* motion with respect to Dr. Vojcic's and Dr. Boncelet's infringement opinions.

9.  **The parties' motions to exclude or strike testimony regarding the**

5

**definition of "bandwidth."** GBT and Apple agree that the claim limitation "spreading" means "increasing the bandwidth " but, in their infringement briefs, they disagree as to what "bandwidth" means. Both parties have moved to exclude and strike the testimony of the opposing party's expert regarding the definition of "bandwidth." (D.I. 236, 267)

10. In GBT's second *Daubert* motion, GBT does not challenge Dr. Kakaes' qualifications but contends that the portions of his rebuttal expert report regarding the definition of "bandwidth" are inadmissible under *Daubert* for being unsupported, unreliable, or irrelevant. (D.I. 268) The court disagrees. Dr. Kakaes opines on the common understanding of "bandwidth" to a person of ordinary skill in the art, and he cites to various references and evidence for support. (D.I. 225 at A509-13) To the extent GBT does not find Dr. Kakaes' citations convincing, such an issue is more properly reserved for cross-examination. Therefore, the court denies GBT's second *Daubert* motion. (D.I. 267)

11. Also related to expert opinion on the definition of "bandwidth," Apple has moved to strike GBT's untimely expert opinions and materials. (D.I. 236) Specifically, Apple moves to strike portions of Dr. Vojcic's declaration – submitted after the close of expert discovery – regarding the nature and length of discrete impulses, the meaning of "bandwidth," and Dr. Kakaes' reliance on a textbook co-authored by Dr. Vojcic. (D.I. 236; *see* D.I. 225, ¶¶ 8-23) Dr. Vojcic's opinions on these material issues, however, were necessary to respond to criticisms lodged by Apple's expert, Dr. Kakaes, in his rebuttal expert report. (D.I. 225 at A506-11 (¶¶ 117, 119, 123-26) In light of Dr. Vojcic's need to respond to Dr. Kakaes' new opinions and criticisms, the court denies Apple's motion to strike. (D.I. 236)

12. **Conclusion.** For the foregoing reasons, the court grants GBT's first
*Daubert* motion (D.I. 259) and grants in part Apple's *Daubert* motion (D.I. 261) to the
extent it relates to expert testimony on the inventors' diligence in preparing and filing the
application for the original '267 patent. In all other respects, the court denies Apple's
*Daubert* motion. Furthermore, the court denies Apple's motion to strike GBT's untimely
expert opinions and materials, as well as GBT's second *Daubert* motion. (D.I. 236,
267)

United States District Judge