IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GOLDEN BRIDGE TECHNOLOGY, INC., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 10-428-SLR ) |
| APPLE INC., et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM O R D E R**

At Wilmington this 13th day of June, 2013, having reviewed the motion for reconsideration of the court's memorandum order dated April 25, 2013 filed by plaintiff Golden Bridge Technology, Inc. ("GBT");

IT IS ORDERED that said motion (D.I. 334) is denied for the following reasons:

1. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Accordingly, a court may alter or amend its judgment if the movant demonstrates at least one of the following: (1) a change in the controlling law; (2) availability of new evidence not available when summary judgment was granted; or (3) a need to correct a clear error of law or fact or to prevent manifest injustice. *See id.*

2. A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa.1993). Motions for reargument or

reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D. Del. 1990).

3. GBT's motion rehashes the arguments it made during oral argument on April 11, 2013 and supplemental briefing. (D.I. 324, 328) Therefore, GBT has failed to demonstrate any of the aforementioned grounds to warrant a reconsideration of the court's April 25, 2013 memorandum order.[1]

_____
United States District Judge

---

[1] GBT's request for oral argument (D.I. 338) is also denied.