# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GOLDEN BRIDGE TECHNOLOGY, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 10-428-SLR |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| APPLE INC., et al. ) | |
| ) | ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ |
| Defendants. ) | |
| ) | Public Version |
| ) | |

**PLAINTIFF'S *UNOPPOSED* MOTION TO SEAL LIMITED PORTIONS OF THE TRANSCRIPT FROM THE MARCH 19, 2013 ORAL ARGUMENT**

Plaintiff Golden Bridge Technology, Inc. ("GBT" or "Plaintiff"), by and through its undersigned counsel, respectfully moves the Court to seal limited portions of the transcript from the March 19, 2013 oral argument held in the above-captioned action. In support thereof, Plaintiff states as follows:

1.  On March 19, 2013, this Court conducted an oral argument on claim construction and summary judgment motions. These proceedings took place in the courtroom and were attended by counsel for Plaintiff and various Defendants. (*See* March 19, 2013 Tr. at 2-5) (attached hereto as Exhibit A).[1] Upon information and belief, all persons present in the courtroom were attorneys subject to the Protective Order applicable to this case.

---

[1] While some of the persons present were counsel to parties in a companion action, C.A. No. 11-165-SLR, the parties in that action have adopted the Protective Order from this case, and are permitted to view confidential discovery material.

ME1 16225833v.4

2. During the oral argument, counsel for Plaintiff referenced the contents of emails that were produced by a third party, Ericsson. Ericsson has designated these emails as confidential pursuant to the Protective Order (D.I. 89) entered in this case.

3. Throughout briefing in this case, the parties have treated the Ericsson email communications as confidential and have redacted their contents from public versions of court documents. (*See, e.g.*, D.I. 245 at 15-16 (redacted version of D.I. 239)).

4. Accordingly, Plaintiff respectfully requests that the Court seal very limited portions of the March 19, 2013 transcript. Specifically, Plaintiff respectfully requests that the Court seal page 110, lines 5-16. The requested redactions amount to a total of twelve (12) lines, or less than half of one page, of a one hundred fifty four (154) page transcript. The limited information sought to be sealed is Ericsson's ███████████████████ which Ericsson produced pursuant to the terms of the Protective Order entered in this case.

5. Plaintiff respectfully submits that sealing limited portions of the transcript at this point is appropriate because: (1) Ericsson was not present at the March 19, 2013 conference to request confidential treatment at that time; (2) the transcript from the March 19, 2013 conference has not yet become publicly available;[2] and (3) upon information and belief, everyone present at the March 19, 2013 hearing is bound by the Protective Order entered in this case.

WHEREFORE, in light of the foregoing points and authority, Plaintiff respectfully requests that the Court seal the requested portion of the March 19, 2013 oral argument transcript.

---

[2] Although the parties received the March 19, 2013 transcript shortly after the hearing, the Court Reporter did not docket the transcript until July 16, 2013. (*See* D.I. 347). Accordingly, this Motion is timely, because it is brought within 21 days of the docketing of the transcript. (*See id.*).

ME1 16225833v.4

3

        McCARTER & ENGLISH, LLP

        /s/ Daniel M. Silver
        Michael P. Kelly (#2295)
        Daniel M. Silver (#4758)
        Renaissance Centre
        405 N. King Street, 8th Floor
        Wilmington, DE 19801
        (302) 984-6300
        *mkelly@mccarter.com*
        *dsilver@mccarter.com*

        Mark D. Giarratana
        Eric E. Grondahl
        CityPlace I
        185 Asylum Street
        Hartford, CT 06103
        (860) 275-6700
        mgiarratana@mccarter.com
        egrondahl@mccarter.com

        *Attorneys for Golden Bridge Technology, Inc.*

Dated:  August 6, 2013
Public Version Filed:  August 13, 2013