IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GOLDEN BRIDGE TECHNOLOGY, INC., | ) | C.A. No. |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | 10-428-SLR |
| APPLE INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CLERK'S TAXATION OF COSTS**

On April 9, 2013, the Honorable Sue L. Robinson issued a Memorandum Opinion and Order (D.I. Nos. 322 and 323, respectively) resolving plaintiff, Golden Bridge Technology, Inc's. (GBT) motion for partial summary judgment of infringement and defendant, Apple Inc.'s (Apple) motion for summary judgment of non-infringement. On April 10, 2013, GBT filed a motion for reconsideration (D.I. 324) which the Court denied by Memorandum Order (D.I. 332) on April 25, 2013. On May 9, 2013, GBT filed a motion for reconsideration (D.I. 334) of the Court's Memorandum Order which was denied by the Court by Memorandum Order (D.I. 339) on June 13, 2013. On July 2, 2013, a Rule 54(b) Final Judgment was entered by the Court (D.I. 344). On July 3, 2013, GBT file a Notice of Appeal (D.I. 345) to the U.S. Court of Appeals for the Federal Circuit. On July 14, 2014, the U.S. Court of Appeals for the Federal Circuit affirmed the District Court ruling. The appellate mandate was filed with the District Court on August 20, 2014 (D.I. 354). There is no dispute that Apple prevailed in this matter.

District of Delaware Local Rule (LR) 54.1 (as amended effective April 30, 2010) provides that the Clerk may tax costs in favor of the prevailing party. On September 3, 2014, Apple filed its Bill of Costs and supporting Declaration of Lowell D. Mead (D.I. Nos. 357 and 358, respectively). Apple requests the Clerk tax costs against GBT, in the amount of $14,498.73. GBT has not responded to Apple's bill of Costs.

The Clerk finds the bill of costs to be timely.

Therefore,

        **IT IS ORDERED, that**

**I.**         The entire bill of costs is **GRANTED IN PART/DENIED IN PART**.

**II.** As to **every request** the Clerk makes the following finding:

**A)** As to each request Apple must show compliance with LR 54.1(a)(2), which states: "The bill of costs *shall clearly describe each item of cost* and comply with the provisions of 28 U.S.C. § 1924." (emphasis added). Apple must "clearly describe" each item in a manner that permits plaintiff and the Clerk to determine the reasonableness and necessity of each request.

**B)** GBT has not filed any response or opposition to Apple's Bill of Costs.

**III.** The Clerk makes **additional findings,** regarding specific items, as follows:

**A) Taxation of Deposition Costs**

1) Apple seeks to recover a total of $5,971.99 in costs relating to the depositions of Dr. Apostolos Kakaes, Mr. Cole Stewart, and Dr. Charles Boncelet.

2) LR 54.1(b)(3) provides: "The reporter's reasonable charge for the original and one copy of a deposition and the reasonable cost of taking a deposition electronically or magnetically recorded are taxable only when a substantial portion of the deposition is used in the resolution of a material issue in the case. Charges for counsel's copies and the expenses of counsel in attending depositions are not taxable, regardless of which party took the deposition. Notary fees incurred in connection with taking depositions are taxable."

3) Apple cites LR 54.1(b)(3) and asserts "A deposition that has been relied on in resolving an issue on summary judgment meets this standard." Apple states "The Court's April 9, 2013 rulings resolved disputed material issues in the case, including findings that (1) "the accused devices and related processes practice the 'discrete power level' limitation" of the asserted patent claims, and (2) the accused devices do not infringe any of the asserted claims due to an absence of evidence that the device practice the "preamble"/"access preamble" limitations of the asserted claims (D.I. 322 at 9-15, 15-17.) A substantial portion of the pages from each deposition was submitted by the parties for the resolution of both these issues." Apple includes an extensive accounting of portions and percentages of the deposition transcripts used to resolve the above listed material issues.

4) The Clerk finds that Apple has met the substantial portion requirement of LR 54.1(b)(3).

5) The request for deposition costs in the amount of $5,971.99 is **GRANTED**.

**B) Electronic Discovery Costs**

1) LR 54.1(b)(11) provides: "Claims for costs other than those specifically mentioned in the preceding paragraphs of subpart (b) of this Rule ordinarily will not be allowed, unless the party claiming such costs substantiates the claim by reference to a statute or binding court decision."

2) Apple seeks $7,981.74 in electronic discovery copy costs and cites LR 54.1(b)(11) and case law in support. Apple asserts that "The Third Circuit has joined a number of other Circuits in recognizing, pursuant to 28:U.S.C. § 1920(4), the taxation of costs for electronic discovery activities that are the functional equivalent of making copies. *Race Tires Am Inc. V. Hoosier Racing Tire Corp.,* 674 F.3d 158, 171 (3d Cir. 2012)..." In addition, Apple states that it: 1) "...limited its claim for electronic discovery costs to activities that are the functional equivalent of making copies for production."; 2) "...limited its claimed electronic discovery costs to those costs associated with documents actually produced to Plaintiff GBT in response to GBT's document requests."; and, 3) "...claims only those e-discovery copy costs associated with uploading and converting outgoing productions to GBT."

3) While interpretation of case law is a function of the Court, in this instance the Clerk finds that Apple has met the requirements of LR 54.1(b)(11) in that the costs claimed appear to be substantiated by the case law cited by Apple in support of its position.

4) The request for costs in the amount of $7,981.74 is **GRANTED**.

**C) Costs on Appeal**

1) Apple seeks reimbursement of $545.00 in costs on appeal.

2) In its Mandate (D.I. 354), the U.S. Court of Appeals for the Federal Circuit taxed costs in the amount of $545.00 against plaintiff.

3) Accordingly, Apple's request for costs on appeal is **DENIED AS MOOT**.

**IV.     CONCLUSION**

The Clerk finds, for all the reasons stated herein, that defendant's request for

costs in the total amount of $14,498.73, is **GRANTED IN PART AND DENIED IN PART** as follows:

The total costs hereby taxed in favor of defendant, Apple, Inc., and against plaintiff, Golden Bridge Technology, Inc., together with interest and the applicable post-judgment rate specified in 28 U.S.C. § 1961 (as amended 1982), are as follows:

1. Deposition Costs.................................................**$ 5,971.99**
2. Electronic Discovery Costs................................**$ 7,981.74**
3. Costs on Appeal...................................................**Denied as Moot**

**TOTAL................................................................$13,953.73**

Dated: March 17, 2015

                John A. Cerino, Clerk
                U.S. District Court for the
                   District of Delaware

      By  /s/ George Wylesol
              George Wylesol,
              Chief Deputy Clerk

cc:      Honorable Sue L. Robinson
          John Cerino, Clerk
          Golden Gate Technology, Inc.
            (via first class mail)
          David E. Moore, Esq.
          Lowell D. Mead, Esq.
          Eamonn Gardner, Esq.
          Stephen C. Neal, Esq.
          Timothy S. Teter, Esq.